Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| HILTON GARCÍA AGUIRRE<br><br>Parte Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; NEGOCIADO DE LA POLICIA DE PUERTO RICO; AGENTE DAVANIEL VERA ARROYO PLACA # 38170, IKEA DE PUERTO RICO, ABC SECURITY CO. DEMANDADA DE NOMBRE DESCONOCIDO; JOHN DOE DEMANDADO DE NOMBRE DESCONOCIDO; ABC INSURANCE CO., DEMANDADA DE NOMBRE DESCONOCIDO; XYZ INSURANCE CO., DEMANDADA DE NOMBRE; CDF INC, DEMANDADA DESCONOCIDA; JOE DOE Y JANE DOE, DEMANDADOS DESCONOCIDOS<br><br>Parte Peticionaria | TA2026CE00428 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>CIVIL NÚM.: AG2025CV02177<br><br>SALA: 501<br><br>SOBRE: INJUNCTION, Y DAÑOS POR VIOLACIÓN DE DERECHOS CONSTITUCIONALES AL AMPARO DE 42 USCA SEC. 1983 Y ARTÍCULO 1536 DEL CÓDIGO CIVIL DE PUERTO RICO, LEY NÚM. 55-2020 1 DE JUNIO DE 2020 Y SUBSIGUIENTES. |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece ante *nos*, Sarton Puerto Rico LLC h/n/c Ikea de Puerto Rico (Ikea o parte peticionaria) y nos solicita que revisemos la *Resolución Interlocutoria* emitida el 11 de febrero de 2026 y notificada el 12 de febrero de 2026, por el Tribunal de Primera

Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI declaró *no ha lugar* a la solicitud de desestimación instada por la parte demandada.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari.*

**I.**

El 5 de diciembre de 2025, el Sr. Hilton García Aguirre (García Aguirre o parte recurrida) presentó una *Demanda* sobre injunction y daños contra el Estado Libre Asociado de Puerto Rico, el Negociado de la Policía de Puerto Rico, el Agente Davaniel Vera Arroyo, Ikea, entre otros demandados desconocidos.

En esta, alegó que el 10 de abril de 2025 se encontraba en el área de servicio de la tienda Ikea ubicada en Bayamón, cuando tras salir a fumar y volver a entrar en el establecimiento, un guardia de seguridad, debidamente uniformado y en labores, le increpó sobre el arma que portaba en su cintura. Sostuvo que el arma en su cintura solo dejaba ver una pequeña parte del cabo o empuñadura, estando el resto oculta. Relató que, sin exhibir el arma, le mostró su licencia de portación de armas, a lo cual el guardia de seguridad respondió llamando a la policía. Adujo que, luego de dicho incidente, llegó un contingente de policías dirigidos por el Agente Vera Arroyo, quien sin solicitarle identificación o licencia alguna, le arrancó el arma de la cintura. Ello fundamentado en que esta fue portada de forma indebida u ostentosa al no estar oculta. Por tal razón, le ocupó su arma y licencia de armas número 91783.

Expuso que, hasta dicha fecha, el Negociado de la Policía de Puerto Rico mantuvo ocupada, sin justificación legal alguna, su arma y licencia de armas, privándolo así de forma arbitraria de su derecho constitucional a poseer y portar armas. Por tal razón, y habiendo tratado de agotar el remedio administrativo disponible,

solicitó al foro primario la devolución de la licencia y del arma ilegalmente ocupado, así como una partida por concepto de daños.

Luego de varias incidencias procesales, el 22 de enero de 2026, Ikea instó una *Moción de Desestimación*. Mediante su petitorio, adujo que no se justificaba la concesión de un remedio en su contra. Sostuvo que en la Ley Núm. 168 de 11 de diciembre de 2019, mejor conocida como la "Ley de Armas de Puerto Rico de 2020", 25 LPRA sec. 461 *et seq.* (Ley de Armas) no existía disposición alguna que privara a una entidad privada de limitar la portación de armas en sus facilidades. Asimismo, argumentó que no actuó contrario a derecho al informarle al señor García Aguirre que estaba prohibida la portación de armas en el establecimiento, señalarle los letreros evidentemente visibles y requerirle que se retirara de las facilidades.

Puntualizó además que no fue quien ocupó el arma ni la licencia de portación del señor García Aguirre, por lo que su actuación no guardaba relación alguna con el trámite administrativo del Negociado de la Policía de Puerto Rico. Así, concluyó que la demanda solo exponía de manera general un "daño irreparable" especulativo y que, los alegados daños, todos relacionados a la incautación del arma y la licencia, si alguno, fueron auto infligidos por este al portar un arma de fuego en contravención de la ley. De manera que no se justificaba la concesión de un remedio en su contra, por cumplir con su reglamentación empresarial.

Por su parte, el 23 de enero de 2026, el señor García Aguirre presentó su *Oposición a Moción de Desestimación bajo la Regla 10.2(5)*. En esta, arguyó que el establecimiento comercial operado por Ikea tenía un rótulo en la entrada exhibiendo su política respecto a que prohibía únicamente armas visibles. Sin embargo, en dicha ocasión, portó un arma de fuego de manera poco visible, cumpliendo con la política del establecimiento. Planteó que, aun así,

el guardia de seguridad le confrontó y exigió abandonar el establecimiento alegando falsamente que la política prohibía todas las armas. Lo anterior sin explicarle cuál era la verdadera política del establecimiento sobre armas visibles o requerirle que la ocultara. Manifestó también que la conducta del guardia de seguridad fue negligente pues, según su criterio, este no aplicó correctamente la política del establecimiento sobre armas, no le dio oportunidad de aclarar la situación y utilizó el mecanismo de llamar a la Policía de Puerto Rico para sacarle del establecimiento en violación directa a las políticas del establecimiento. Afirmó que tal actuación le ocasionó daños, incluyendo la humillación pública, angustia emocional y privación de sus derechos, derivados de la intervención no justificada, y concluyó que Ikea era responsable por los actos de su guardia de seguridad.

Más adelante, el 12 de febrero de 2026, Ikea presentó una *Réplica a Oposición* en la cual aclaró que el rótulo a la entrada del establecimiento prohibía las armas visibles en general, sin hacer distinción sobre si el arma estaba poco o muy visible. Por ello, y ante la admisión del señor García Aguirre en cuanto a que el arma en su cintura dejaba ver una pequeña parte del cabo o empuñadura, Ikea concluyó que el establecimiento actuó conforme a su política de no permitir armas visibles al público. Por ello, reiteró su solicitud para que se desestimara la causa de acción por no justificarse un remedio en su contra por el solo hecho de cumplir con sus políticas.

Trabada así la controversia, el 11 de febrero de 2026, el foro primario emitió una *Resolución Interlocutoria* mediante la cual declaró *no ha lugar* la moción de desestimación instada por Ikea.

En desacuerdo, el 17 de febrero de 2026, Ikea presentó una *Moción de Reconsideración.* En esta, puntualizó que el señor García Aguirre no tenía derecho al remedio solicitado en su contra toda vez

que era un hecho admitido por él mismo que al momento de los hechos violentó la Ley de Armas y las políticas de la empresa.

Por su parte, el 22 de febrero de 2026, el señor García Aguirre presentó su *Oposición a Reconsideración de Desestimación* expresando su conformidad con el dictamen del foro primario. Sostuvo que las actuaciones del guardia de seguridad dieron lugar al inicio de la cadena de eventos que culminó con las actuaciones sobre las cuales se reclamaba responsabilidad. Reiteró que estas le ocasionaron daños a su dignidad, reputación y derecho como titular de licencia de armas, así como daños emocionales y económicos. A su vez, sostuvo que dicha situación demostró que el guardia de seguridad desconocía la política de la empresa, por lo que Ikea fue negligente en la preparación, adiestramiento y supervisión del personal que permitía ejercer funciones en sus facilidades y venía obligada a indemnizarle.

Examinadas las posturas de ambas partes, el 13 de marzo de 2026, el foro primario emitió una *Resolución* denegando la solicitud de reconsideración instada por Ikea. Razonó el foro recurrido que desconocía las circunstancias particulares del incidente objeto de controversia, así como tampoco conocía los reglamentos de Ikea respecto a la portación de armas de fuego dentro de sus instalaciones o cuál era el protocolo a seguir por la tienda cuando surgía una situación de alegada violación por parte de un cliente y, si en efecto, en el caso de autos se siguió con dicho protocolo.

Inconforme aun, el 9 de abril de 2026, la parte peticionaria compareció ante este foro revisor mediante *Petición de Certiorari,* alegando la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al denegar la Moción de Desestimación.

Subsiguientemente, el 16 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10)

días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. En cumplimiento con nuestra directriz, el 25 de abril de 2025, la parte recurrida compareció ante este foro intermedio mediante *Oposición a Petición de Certiorari*.

Contando con el beneficio de la posición de ambas partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019).

En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311 (2005); *Meléndez v. Caribbean Int'l News,* 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *SLG Flores-Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. *Desestimación***

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis

de Puerto Rico, Inc., 2010, pág. 266. La referida regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R.10.2.

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". *Íd.*, Regla 10.2 (5). Véase, además, *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions v. Municipio de Yabucoa et al.*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado et al. v. United Surety, supra; Torres, Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil, *supra*, la demanda solo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al.*, *supra*, pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas PR*, *supra*, pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, pág. 429.

## III.

En su recurso, la parte peticionaria argumenta que incidió el Tribunal de Primera Instancia al no desestimar la demanda interpuesta en su contra. Es su contención que, de las propias alegaciones de la demanda, surge la admisión de que la parte recurrida portaba un arma de manera visible. Así, niega que haya actuado contrario a derecho o de manera negligente, según fuera alegado por el señor García Aguirre. Sostiene además que en la *demanda* no se alegó que Ikea no podía prohibir la portación de

armas; que la seguridad del establecimiento realizó un allanamiento; que fue el guardia de seguridad del establecimiento quien le allanó el arma o; que se violentó la *Ley de Armas de 2020, supra*. Arguye que la parte recurrida meramente alegó de manera general un daño irreparable especulativo causado por las partes codemandadas debido a que la Policía de Puerto Rico incautó su arma, lo que este consideró una violación a su derecho constitucional a portar armas.

Así, reitera que es un hecho admitido por el señor García Aguirre que al momento de los hechos violentó la Ley de Armas y las regulaciones de la empresa al portar un arma de manera visible u ostentosa y que, en el momento en que fue intervenido, conocía que no podía portar el arma de la manera en que lo hacía. Por lo que, ante dicha situación fáctica, alega que no se justifica la concesión de un remedio en su contra pues solo cumplía con sus políticas.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, es la postura de la parte peticionaria que, erró el foro de instancia al denegar la solicitud de desestimación de la causa de acción en su contra en las circunstancias fácticas de este caso.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra*.

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.

*Rivera et al. v. Arcos Dorados et al.*, *supra*. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Al examinar cuidadosamente el trámite procesal del caso y, específicamente, la *Moción de Desestimación* al amparo de la Regla 10.2(5) de Procedimiento Civil y la *Resolución* recurrida, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago*, *supra*; *SLG Flores-Jiménez v. Colberg*, *supra*. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso de autos, el foro primario evaluó la solicitud de desestimación instada por la parte peticionaria y su correspondiente oposición y, luego de un análisis, determinó no conceder la desestimación de la *Demanda* al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*. Con tal proceder, el foro *a quo* actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. ELA*, 142 DPR 117, 139 (1996).

En virtud de lo anterior, colegimos que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra

intervención revisora. *Pueblo v. Rivera Santiago, supra; SLG Flores-Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, supra, pág. 709. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones